PIZÁ HERMANOS *v.* ALFARO.

APPEAL from the District Court of Ponce.

No. 55.—Decided June 3.—1904.

MORTGAGES—FORECLOSURE PROCEEDING—PROCEDURE.—Execution creditors cannot elect the procedure under which they will prosecute an action for the recovery of mortgage credits, but they must proceed according to the Mortgage Law, which provides for and regulates the procedure to be followed for the recovery of such credits, and which repealed the procedure· provided for by the Law or Civil Procedure.

ID.—SUSPENSION OF PROCEEDINGS—NULLITY—MORTGAGE OBLIGATIONS ENFORCEABLE.—Actions for the recovery of mortgage credits filed during the time that General Orders of January 19 and 31 of 1899, and January 19 and April 28, 1900, were in force, which General Orders discontinued mortgage foreclosures for the period of two years, are null and void *ab initio.*

ID.—TITLE NOT ENFORCEABLE.—The annulment of a foreclosure proceeding may be demanded when the title is not enforceable, either on account of extrinsic defects, or because the time has not expired, or when the amount is not due, or when the same has not been liquidated.

ID.—FAILURE TO PAY INTEREST.—The provisions of General Orders of January 19 and 31, 1899, which excludes from the benefits thereby granted, debtors who fail at present and in the future to pay the interest agreed upon, are not applicable in a foreclosure proceeding based upon a mortgage deed in which no payment of interest has been stipulated, and that therefore default in such payment could not serve as a basis for such a proceeding.

ID.—PROCEEDING UNDER THE LAW OF CIVIL PROCEDURE.—Actions filed in accordance with the provisions of General Orders of January 19 and 31, 1899, for the purpose of foreclosing upon a mortgage for default in payment of interest, shall be prosecuted in accordance with the procedure provided for by the Law of Civil Procedure.

STATEMENT OF THE CASE.

This is an executory action prosecuted in the District Court of Ponce for the recovery of money by the mercantile firm of Pizá Hermanos, of that city, as plaintiff, represented in the trial court by Attorney Luciano Ortiz Anton, and in this court by Attorney Antonio Alvarez Nava against Mariano Alfaro y Díaz, married, a merchant, of legal age, and a resident of Juana Díaz, as defendant, represented in the trial court by Attorney Julio Padilla é Iguina, he having made no appear-

ance in this court, notwithstanding the fact that he was duly cited and summoned. The case is pending before us on appeal in cassation, now appeal, taken by counsel for the execution creditors, from the judgment rendered by the said district court, which judgment reads as follows:

"Judgment.—In the city of Ponce on April 2, 1902. The oral and public hearing was had in this executory action prosecuted by Pizá Hermanos as plaintiffs and execution creditors, merchants of this city, represented by Attorney Luciano Ortiz, against Mariano Alfaro Díaz, as defendant, married, a merchant, of legal age and a resident of Juana Diaz, for the recovery of money, Presiding Judge Isidoro Soto Nussa having prepared the opinion of the court.

"Under deed of September 24, 1900, Attorney Carlos López de Tord, in the name of Pizá Hermanos, who are engaged in business in this city, filed in this court an executory action against Mariano Alfaro y Díaz, for the recovery of the sum of $418.84, which the said Alfaro acknowledged that he owed the plaintiffs by deed executed on October 14, 1899, before the notary of this city, Rosendo Matienzo Cintrón, and of which instrument a certified copy accompanies the complaint, the same being recorded in the registry of property, the debtor binding himself to pay the said sum, without any interest whatever, on the 15th of January, 1900, and to guarantee the payment of the said amount a mortgage was constituted for that sum upon two tracts of land situated in the town of Juana Díaz, *barrio* of Hato Puerco, in the place called 'Pino,' the extent and boundaries whereof are described in the complaint and in the mortgage deed, and the mortgage was made to include two hundred and forty dollars to cover costs and expenses.

"By an order of October 12, 1900, the complaint was admitted and the execution was ordered to be proceeded with, an attachment being levied upon the mortgaged property.

"The execution debtor being served with notice of the impending sale within the legal period, he appeared in the proceedings, through his counsel, in opposition to the foreclosure.

"The defendant having been ordered to file his answer in opposition within the period fixed, he did so, accepting the first allegation of the complaint; he also accepted the second allegation with a qualification to the effect that the interest is included in the principal sum acknowledged and in reality loaned, and that the said interest was by no means small, in view of the short time of

four months allowed for its payment. Defendant accepted and reproduced the third and fourth allegations of the complaint, and stated that he could not comply with his obligation on account of the exactions of the creditors, thinking that they would grant him the thirty days grace provided for by article 128 of the Mortgage Law; and that in the citation or notice of the sale it is not stated at whose instance the same is made, and that it does not state the name of the person who is to be cited, he being designated only by the expression 'the debtor Mr. Alfaro;' he praying that the entire proceedings be declared null and that the attachments levied be dissolved, with costs against the execution creditor.

"A day and hour having been set for the proposal of evidence counsel for the defendant only appeared, filing a written statement of the evidence he proposed to introduce, consisting of evidence of confession by the execution creditors, Juan and Antonio Pizá, the mortgage deed accompanying the complaint, service of citation to the public sale, and the decree delivered at the time to the debtor, and the judicial examination of the mortgaged real estate, which evidence was declared pertinent.

"Of the evidence proposed only the documentary evidence existing in the record was introduced.

"A day having been set for the oral hearing, counsel for the parties appeared and made such oral arguments as they deemed proper in support of their rights.

"This judgment was unanimously rendered.

"In the conduct of these proceedings all the rules of procedure have been observed.

"The object of this suit being the recovery of a mortgage credit evidenced by a public deed dated October 14, 1899, while the Mortgage Law was in force, which law provides for and regulates the procedure by which the recovery of such credits is effected, the procedure followed herein is vicious and ineffectual, inasmuch as the provisions of the Law of Civil Procedure, of which the plaintiff has availed himself for the enforcement of his rights, are not applicable to the case if there is a later law repealing the same, as occurs in the present case, the procedure to be followed not being left to the election of the plaintiff.

"For these reasons it is proper to declare the proceedings had in this foreclosure action null and void.

"Costs should be taxed against the litigant who is to blame for the nullity, and the plaintiff being so to blame in this case, because

he availed himself of a procedure which was not the appropriate one in this action, which has been shown to be the case after the evidence was taken, the costs should be taxed against him.

"In view of the provisions of article 1471, subdivision 3, of the Law of Civil Procedure, article 128 of the Mortgage Law, article 168 of the Regulations for the execution of the Mortgage Law, and article 71 of the Judicial Order No. 118, we adjudge that we should declare all the proceedings had in this case null and void, with the costs against the execution creditors, Pizá Hermanos. Thus by this our judgment do we pronounce, command and sign."

From this judgment counsel for the execution creditors took an appeal in cassation for error of law, which was allowed, and the record having been sent up to this court, the parties having been duly summoned and cited, and the appellant having appeared, the proper procedure was followed in the conduct of the appeal, according to the law of the Legislative Assembly of this Island, approved March 12, 1902, changing this Supreme Court to a court of appeals, and a day was set for the hearing, at which counsel for the appellant only appeared.

*Mr. Alvarez Nava,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and the conclusions of law contained in the judgment appealed from, with the exception of the last conclusion of law.

Even supposing that the execution creditors had a right to elect one procedure or another under which to recover the mortgage credit under consideration, the complaint having been filed on September 24, 1900, when General Orders of January 19 and 31, 1899, and General Orders of January 19 and April 28, 1900, were still in force, by which actions for the foreclosure of mortgages upon agricultural properties of all classes were suspended for one year, and which suspension was afterward extended for another year, which

expired on January 19, 1901, and to which class it is to be supposed the two parcels of rural property mortgaged, and upon which execution was ordered, belong, inasmuch as it does not appear that they were devoted to any industry other than agriculture, it is evident that on the date upon which the complaint was filed the mortgage obligation was not enforceable, and consequently that the suit prosecuted for the recovery of the same, is null from the initiation thereof, in accordance with article 1465 of the Law of Civil Procedure, under which the annulment of a foreclosure proceeding may be demanded when, among other things, the title is not capable of being enforced, either on account of the intrinsic defects, or because the time has not expired, or when the amount is not due, or when the same has not been liquidated.

No interest having been stipulated in the mortgage deed which serves as the basis of this foreclosure proceeding, and the execution thereof not having been based upon the failure to pay the same, the provisions of General Orders of January 19 and 31, 1899, are inapplicable, they providing that the benefit thereby granted in favor of the agriculturists of the island is not extended to debtors who fail at present and in the future to pay the interest agreed upon where the same is not in excess of twelve per cent. per annum, and that all actions brought in accordance with the said General Orders for the purpose of foreclosing a mortgage for failure to pay the interest, should be prosecuted under the old law in force prior to the Mortgage Law, that is to say, under the procedure provided for by the Law of Civil Procedure, on the theory that it would be to the interest of the debtors.

In accordance with section 63 of General Order No. 118 of August 19, 1899, costs should be imposed upon the litigant whose demands have been in all things dismissed.

In view of the legal provisions cited in the judgment appealed from, and in this decision, and other provisions of

general application, we adjudge that we should affirm and do affirm the said judgment with costs against the appellants.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.